1   DAVID L. ANDERSON (CABN 149604)
    United States Attorney

2   HALLIE HOFFMAN (CABN 210020)
3   Chief, Criminal Division

4   SLOAN HEFFRON (CABN 285347)
    Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6730
7       Fax: (415) 436-7027
        Sloan.heffron@usdoj.gov
8
    Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19-216 EMC |
| Plaintiff, | DETENTION ORDER |
| v. | |
| LARON DEMARIA PRESTLEY, | |
| Defendant. | |

On May 23, 2019, the Court conduced a detention hearing in the above-captioned case for defendant Laron Demaria Prestley. Prior to the hearing, the United States Pretrial Services Office prepared a report which discussed, among other things, the defendant's criminal history and the facts and circumstances giving rise to the defendant's past offenses. At the hearing, the parties submitted proffers and arguments regarding detention.

The Court has carefully considered the information contained in the report prepared by Pretrial Services, as well as the proffers and arguments made by the government and counsel for the defendant. For the reasons set forth below, as well as those stated on the record on May 23, 2019, the Court finds by clear and convincing evidence that the defendant is a danger to the community, and that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Accordingly, the Court orders that the defendant be detained.

## I. LEGAL STANDARD

Under the Bail Reform Act, an authorized judicial officer may order the detention or release of a defendant pending trial. Facts used to establish a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). In reaching its decision, the Court considers information regarding:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g).

Of these four factors, the weight of the evidence against the defendant is the least important. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

## II. PROCEDURAL BACKGROUND

On May 9, 2019, a grand jury returned an indictment charging the defendant with a violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm and Ammunition), alleged to have occurred on or about September 21, 2018. On May 20, 2019, the parties appeared before the Court for the defendant's initial appearance on the captioned indictment. The government moved for detention. A detention hearing was scheduled for May 23, 2019.

On May 21, 2019, the Honorable Edward J. Davila signed a petition ("Form 12") filed by the defendant's United States Probation Officer alleging two violations of the defendant's grant of supervised release in case number CR 16-161 EJD. The first violation alleges that the defendant committed a new federal crime, citing the conduct charged in Count One of the captioned indictment. The second violation alleges that the defendant failed to attend mental health treatment appointments on April 12, 2019 and May 3, 2019.

The parties appeared before the Court on May 23, 2019 for a detention hearing in CR 19-216 EMC, as well as a preliminary revocation hearing and detention hearing in CR 16-161 EJD. The Court

held a single hearing at which the parties addressed the issue of detention in each case. Because the evaluation of whether a person alleged to have violated a condition of supervised release is subject to a different analysis, this Order is specific to the Court's ruling on the government's motion for pretrial detention in CR 19-216 EMC. The Court's ruling as to Mr. Prestley's custodial status in CR 16-161 EJD is addressed in a separate Order.

At the May 23, 2019 detention hearing, defense counsel sought the defendant's release from custody, citing the fact that the defendant has been out of custody since September 2017 on a separate firearms case currently pending in San Francisco Superior Court. Counsel also questioned the strength of the evidence supporting the violation of 18 U.S.C. § 922(g)(1) charged in the captioned indictment.

In response, the government explained that the pending Superior Court case referenced by the defense concerns a March 17, 2016 shooting in San Francisco in which the defendant is alleged to have fired a semiautomatic pistol at another individual at close range. On March 25, 2016, eight days after that alleged shooting, the defendant was charged with three separate, unrelated violations of 18 U.S.C. § 922(g)(1). *See* CR 16-161 EDL, dkt. 1. The government directed this Court to the findings made by the Magistrate Judge who presided over the defendant's April 7, 2016 detention hearing in CR 16-161 EJC. *Id.*, dkt. 6 (Findings in Support of Detention).

The government also cited the defendant's criminal history, which includes four prior felony convictions related to the unlawful possession of firearms, as well as a misdemeanor conviction for active participation in a criminal street gang.

Finally, the government provided a detailed overview of the evidence supporting the offense charged in the captioned indictment.

**III. ANALYSIS**

After hearing from both parties and considering the report prepared by U.S. Pretrial Services, the Court finds by clear and convincing evidence that the defendant is a danger to the community. The findings of the Magistrate Judge who presided over the defendant's April 7, 2016 detention hearing are of particular relevance to this Court as to the current dangers posed by the defendant. Since April 2016, the defendant has been convicted of the three counts of 18 U.S.C. § 922(g)(1) charged in that case, served an 18 month prison sentence, commenced a grant of supervised release, and has now been

indicted with a new firearms violation. He is also charged in a separate firearms case related to the aforementioned March 17, 2016 shooting. This Court finds that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community from the defendant. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the May 23, 2019 detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). These findings are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

### IV. CONCLUSION

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: May 29, 2019

_____
HONORABLE SALLIE KIM
United States Magistrate Judge